United States District Court
For the Eastern District of North Carolina

Bobby Burghard, on behalf of himself §
and all other similarly situated Plaintiffs, §
Plaintiff(s), §
§
§
Vs § Case # 5:22-CT-3163-BO
§
§
United States of America (USA), §
Federal Bureau of Prisons (BOP), § Class Action Complaint
Federal Prison Industry (FPI), §
Paul Campbell (Cambell), §
Mr. Hall (Hall), §
Mr. Shocky (Shocky), §
Defendants, §

## Jurisdiction

(1) This Court has jurisdiction over this class action under the provisions of 28 USC §1332(d) in that:

    (a) Plaintiff Burghard is a citizen of the State of North Carolina

    (b) Defendant U.S.A. is the Federal Government for the United States, and has waive tort liability pursuant to the Federal Tort Claim Act (FTCA).

    (c) Defendant BOP is a Department or Division under the authority of the U.S. Department of Justice.

    (d) Defendant FPI is a corporation incorporated under Federal statutes, is under the authority of the BOP, and has its headquarters in Washington, DC.

(A)

(e) Defendant Campbell is the chief operation officer of FPI, and has as his work address in Washington, DC,

(f) Defendant Hull, is an employee of FPI, and is a citizen of the state of North Carolina.

(g) Defendant Sharky, is an employee of FPI, and is a citizen of the state of North Carolina.

(h) At least one member of the class of Plaintiff(s) is a citizen of a different state from at least one defendant within the meaning of 28 USC §1332(d)(2)(A)

(i) The claims asserted by the Plaintiff class, aggregated as required by 28 USC §1332(d)(6), exceeds the sum of $5,000,000.00 within the meaning of 28 USC §1332(d)(2).

(j) The class of unnamed Plaintiff(s) exceeds 100 in number within the meaning of 28 USC §1332(d)(5)(B).

(K) The Defendants are not States, State Officials, or other governmental entities within the meaning of 28 USC §1332(d)(5)(A).

### Class Action Allegations and Assertions

(2) Plaintiff Burghart brings this action on behalf of himself and all persons who has, currently works, or will work for FPI (Unicor) in the Prison Industry Enhancement Certification Program (PIECP) at the BOP's FPI(Unicor) Plants.

(3) Plaintiff Burghart is informed and believes, and on that basis alleges, that this class of persons consists of approximately 450 past and current PIECP workers.

(4) The claims set forth in this complaint are common to each and every member of the class.

(5) Plaintiff Burghart is a proper representative of this class of persons because, as will be more fully shown below, Plaintiff Burghart is a member of the class described

in paragraph 2, above. The claims that he is asserting in this complaint are typical of the claims of all members of the class. The claims of Plaintiff Burghart are not subject to any unique defenses nor does any interest of Plaintiff Burghart in this litigation conflict with any other member of the class.

(6) Plaintiff Burghart contends that the claims set out below are proper for certification as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedures.

(7) The questions of law and facts common to the class predominate over any questions affecting members because defendants have illegally seized and converted funds (wages) from the members and converted it to BOP's use. None of the class members will have unique defenses to the claims if the types action(s) in question are established. Only the amount of individual actual damages will remain.

(8) The class action is superior to other available methods of adjudication because each Plaintiff would assert the exact same claims, and defendants would likely use the same defenses, so one action is better then hundreds; there are over four hundred (400) members in the proposed class, and repeated individual litigation of the common issues shared by all class members would reduce the amount of recovery available to each member, particulary since establishing each litigation would be time and cost consuming.

## First Claim for Relief

(9) Plaintiff(s) assert that Defendants United States of America (USA) and Federal Prison Industry (F.P.I) are liable for the tort action(s) of its employees and/or staff. The named defendants have committed and/or allowed to be committed, constitutional Tort, Governmental Tort, Intentional Tort, Mass Tort, Negligence Tort, and Prima Facie Tort; by their intentional, willful, and malicious action(s) and/or inaction(s) of coercion, extortion, and

3

(A)

the illegal seizure of funds (wages) rightfully belonging to the Plaintiff(s). The Plaintiff(s) were and/or are federal prisoners working for FPI (Unicore), and was and/or currently assigned to the Prison Industry Enhancement Certification Program (PIECP) in the FCI 2 Butner Unicore Textile Plant. FPI coerces and extorts prisoners to pay to be in the PICEP, to defry cost of programming, and FPI converts all funds illegally seized to BOP's use. The cost of programming is included in the cost to incarcerate a prisoner. There are specific regulations 28 CFR § 0.96c and 505 et. seq., and detailed in BOP policy P-5380.06. USA and FPI, by and through staff and employees intentionally, willfully, and with malicious intent ignored federal statutes and regulations, and BOP policy to commit their tort action(s). FPI staff and employees also intentionally, willfully and with malicious intent ignored BOP policies in order to defraud Unicore workers of money rightfully earned, and converted those funds for FPI's use.

(10) Since PIECP implementation, FPI has illegally seized over $5,000,000.00 in funds (wages) and transfered those funds to BOP for its use. Each time FPI (Unicore), at least at FCI 2, staff has intentionally, willfully and maliciously ignored specific worded BoP policies in order to defraud prisoners out of earnings, so as to keep those funds for FPI's use.

(11) The claims asserted herein the First Claim for relief has effected each member of this class as prisoner working for PIECP, and those that worked for Unicore.

## Second Claim for Relief

(12) Plaintiff(s) asserts that Defendants FPI, Campbell, Hall, and Shorky have violated Plaintiff(s) Fourth Amendment rights to be secure against unreasonable seizures, by their, and/or staff and employees, action(s) and/or inaction(s) of intentionally, willfully, and maliciously illegal seizure of funds (wages).

(A)

(13) Plaintiff(s) assert that the named defendants by their action(s)and/or inaction(s) have, and continues, to illegally seize funds(wages) that rightfully belongs to the Plaintiff(s).

(14) Without congressional authority, and in opposition to specifically worded federal statutes, defendants seize part of Plaintiff(s) gross wages, or intentionally and maliciously miscalculate wages for Unicore Group Fund wages.

(15) Defendants intentionally and maliciously ignore the United States Congress's clear intent and specifically worded statutes, specifically 18 USC § 1761 (see Attachment 1).

(16) Defendants intentionally and maliciously take on authority not granted them by violating and/or ignoring Federal regulations, specifically 28 CFR §§ 0.96c and 505 et. seq. (See Attachment 2).

(17) Defendants intentionally and maliciously abuse their authority by exercising authority not granted to them by ignoring BOP policies, specifically P-5380.06 (Cost of Incarceration), P-8120.03 (Work Programs for Inmates - FPI), and P-8570.01 (Accounting Procedures for Civilian and Inmate Payrolls - FPI).

(18) Plaintiff(s) assert that the specific wording of 18 USC § 1761, does not grant FPI, or any other defendants, the authority to seize any part of inmate (PIECP) worker's gross wages.

(19) PIECP is one of the 50 prison work pilot projects designated by the Director of the Bureau of Justice Assistance (BJA).

(20) Plaintiff(s) assert that since PIECP is one of these prison work project, they are exempted from §1761(c)(2)(B). The U.S. Congress's intent is clear, based upon the specific wording in §1761(c)(2)(B), which states, "reasonable charges for Room and Board, as determined by regulations issued by the chief State correctional officer, in the case of a State prisoner." The statute specifies, "in the case of a State prisoner." The Plaintiff(s) are not State prisoners, therefore §1761(c)(2)(B) does not and cannot be

5

(A)

applied to the Plaintiff(s). The US Congress has created Federal regulation to collect the cost of Incarceration. The defendants use of the term "Defraying Programming", which is another term for Cost of incarceration. The defendants are not authoritized to assess Cost of incarceration (defraying programming).

(21) The defendants intentionally, willfully and maliciously seize 49% of Plaintiff(s) gross wages.

(22) FPI contracts inmate labor to Blind Industry Services of Maryland (BISM) to manufacture jackets for the military (ACU). In §1761(b), it states, "Shall not apply..." (See Attachment 1). Therefore, Plaintiff(s) should be exempt.

(23) Plaintiff Burghart started in PIECP on Oct 1, 2021, From then to March 31, 2022, defendants have illegally seized $4247.61.

(24) Plaintiff(s) assert that defendants by their intentional, willful, and malicious action(s) and/or inaction(s) defrauded Plaintiff(s) of rightful earnings by intentionally and maliciously ignoring specific worded BOP policies. Plaintiff asserts that defendants defrauded Plaintiff Burghart of approximately $150.00.

(25) Plaintiff claim and assert that defendants have intentionally, willfully, and malicious defrauded Plaintiff(s) and/or illegally siezed funds (wages) in violation of the Fourth Amendment to the U.S. Constitution.

## Third Claim for Relief

(26) Plaintiff(s) assert that Defendants FPI, Campbell, Hall, and Shackx, by their action(s) and/or inaction(s), including employees and/or staff have violated Plaintiff(s) Fifth Amendment rights, specifically the taking and converting personal property (wages) into the use of the BOP, without compensation and/or justification.

(27) The defendants, without congressional authority, and in opposition to specifically worded Federal statutes and Federal regulations, have seized funds (wages) from the Plaintiff(s), and converted those funds to BOP's use, by transferring those funds to BOP's

accounts, and this is being done with no compensation to Plaintiff(s). To facilitate this violation, defendants and/or staff use coercion and/or extortion to force Plaintiff(s) into entering a non-valid contract. Inmates are not allowed to enter into any contract (Financial or not). Since FPI (Unicorr) is a incorporated entity, it cannot enter into any contracts with inmates, this makes any contract/agreement signed invalid. Specifically in Plaintiff Burghart's case, he signed a document under duress, as can be seen on the document, with the initials S.U.D. under his signature (Signed Under Duress).

(28) The United States Congress created specific procedures to assess and collect a Cost of Incarceration Fine. FPI collects 49% of gross wages to defray cost of programming. Programming cost is calculated as part of cost of incarceration assessment, therefore pursuant to 28 CFR § 505 et. seq., FPI is not authorized to assess, nor to collect any fee and/or fines. BOP policy P-5380.06 sets out BOP procedures for assessing and collecting any cost of incarceration. Since FPI is organized within BOP, it must comply with BOP policies.

(29) Since defendants do not have authority to assess and/or collect money for defray programming (cost of incarceration) and FPI cannot enter into any contract/agreement with inmates, they have willfully, intentionally and maliciously taken personal property (wages) and illegally converted it to BOP's use in violation of the Fifth Amendment of the U.S. Constitution.

## Fourth Claim For Relief

(30) Plaintiff(s) asserts that Defendants USA (through governmental tort action), FPI, Campbell, Hall, and Sharky have intentionally, willfully and maliciously violated the Plaintiff(s) Eighth Amendment rights, to not suffer cruel and unusual punishment, of the U.S. Constitution.

(31) Defendants illegally seize personal property (wages) that rightfully belongs to the

Plaintiff(s). To deprive any individual of their rightful property, especially by the government, without authority is the epitome of cruel and unusual punishment.

(32) The illegal seizure and conversion of funds, deprived Plaintiff(s) (in some cases) to send money to help family members, take college classes or purchase items. Defendants illegally seize 49% of Plaintiff(s) gross wages each month; for Plaintiff Burghart, FPI has seized approximately $4247.61 in wages. In the specific case of Plaintiff Burghart, who has no family and/or friends to help him upon his release, therefor he will be homeless, which will greatly impact his ability to find employment and housing. The funds illegally seized, was to be saved for his release.

(33) To illegally deprive Plaintiff(s) of their rightful earnings by the defendants should shock the conscious of the court and society.

(34) The Plaintiff(s) assert they have and continue to suffer cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution by the intentional, willful, and malicious action(s) and/or inaction(s) of the defendants.

## Fifth Claim For Relief

(35) Plaintiff(s) challenge the constitutionality of 42 USC § 1983, as applied to Federal prisoners, in the context of unequal protection.

(36) Plaintiff(s) are and/or were federal prisoners incarcerated in BOP.

(37) Plaintiff(s) assert that 42 USC § 1983 as applied (or not applied) to them violates the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.

(38) Plaintiff(s) are similarly situated as any and all other inmates or prisoners, either in state or federal custody.

(39) Title 42 USC § 1983 treats federal prisoners differently then state prisoners, by depriving federal prisoners from bring a civil rights claim against individual employees of BOP. In effect, unless this action is allowed to proceed with claims of 4th and 5th

Amendment violation, the U.S Congress has granted BOP administrators and staff absolute immunity, except for two instances deliberate indifference to a serious medical need and excessive force, both cruel and unusual punishment claims under the 8th Amend.

(40) What Congress has done by creating this unequal protection claim, is authorize correctional officer free reign to harass, incite, and deprive prisoner's of their rightful property. A graphic example, a correctional officer could enter a prisoner's cell every week, or even every day, and destroy property. The only thing a prisoner (federal) can do is file a small claims action. The prisoner may receive a prorated assessment of value, but it is still deprived of the property, which may not be able to replace, nor would it stop that pattern of behavior by the officer.

(41) By allowing a state prisoner to bring action(s) against correctional officer for violating federal (US) constitutional rights, then not allowing a federal prisoner to do the same thing, pursuant to 42 USC § 1983, the US Congress has create an unequal protection issue.

## Request for Relief

I declare the foregoing is true and correct to the best of my knowledge.

(42) Plaintiff sues the defendants, both jointly and severly, and request the following relief, and where monetary damages sought, relief sought both jointly and severly from each defend.

(43) Plaintiff(s) request:

    (A) Plaintiff(s) seeks declaratory judgment against defendants.

    (B) Plaintiff(s) seeks permanent injunction to stop FPI from seizing, collecting or deducting any money from PIECP workers, exception for court assessed fees or fines pursuant to the Inmate Financial Responsibility Program.

    (C) Plaintiff(s) seek actual damages, an amount FPI illegally seized from each prisoner. Plaintiff Burghart as of March 31, 2022, was $ 4397.61

9

Case 5:22-ct-03163-BO  Document 1  Filed 05/13/22  Page 9 of 11

(A)

(D) Plaintiff(s) seeks future damages, any money FPI seizes after the filing of this action.

(E) Plaintiff(s) seeks compensatory damages, jointly and severly from defendants in the amount of $50,000.00 for each Plaintiff.

(F) Plaintiff(s) seeks punitive damages, jointly and severly from defendants in the amount of $100,000.00 for each Plaintiff.

(G) Plaintiff(s) seeks pre- and post judgment interest.

(H) Plaintiff(s) seeks a reasonable amount for attorney fee(s) and costs

(I) Plaintiff(s) seeks any any other relief this Honorable Court deems just and proper.

Date: 5-2-2022

Respectfully Submitted,

*Bobby Burghart*

Bobby Burghart, pro-se & class representative
FCI2  #28733-064
P.O. Box 1500
Butner, NC 27509

## Declaration of Bobby Burghart

I, Bobby Burghart, hereby certify and declare the following:

I am currently under the "three strikes" provision of the PLRA, as have over the last 30+ years 3 cases that have been dismissed.

I currently have one active litigation before this Honorable Court, case number 5:21-CT-3106-D, parties Burghart v. USA, et. al. This case is brought pursuant to the Administrative Procedure Act (5 § 701 et. seq.)

My other previous cases, include here in the Eastern District of North Carolina and several from District Courts in the Fifth Circuit.

I have exhausted all available administrative remedies. I submitted BP-8s, and when received responses, filed formal complaints in BP-9s. When the warden responded, filed BP-10 to the Mid-Atlantic Regional office. After more than 60 days, beyond all deadlines, and not receiving any responses, sent a letter by certified mail to BOP General Counsel.

I have attempted to comply with the exhaustion requirements of the PLRA, but through the action(s) and/or inaction(s) of BOP personnel have no remedies available.

The foregoing is true and correct to the best of my knowledge, executed this 1st Day of May, 2022, pursuant to 28 USC § 1746

*Bobby Burghart*
Bobby Burghart