'IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-3163-BO

BOBBY BURGHART, )
)
    Plaintiff, )
)
v. ) **ORDER**
)
UNITED STATES OF AMERICA, et )
al., )
)
    Defendants. )

On May 13, 2022, Bobby Burghart ("Burghart" or "plaintiff"), a federal inmate proceeding pro se, filed a "class action complaint" under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–80, and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) [D.E. 1]. Burghart moves for leave to proceed in forma pauperis [D.E. 2], to certify class action [D.E. 3], a preliminary injunction and temporary restraining order [D.E. 4, 5], entry of default [D.E. 9], and recusal [D.E. 12].

Burghart brings this action "on behalf of himself and all persons who has, currently works, or will work for FPI (Unicore) in the Prison Industry Enhancement Certification Program (PIECP) at the BOP's FPI (Unicore) plants" [D.E. 1] 2. Burghart "believes" that this class "consists of approximately 450 past and current PIECP workers." Id. Burghart asserts five claims: (1) a tort claim for the illegal seizure of funds (wages) rightfully belonging to the plaintiff(s); (2) Plaintiff(s)' Fourth Amendment rights were violated by the intentional, willful, and malicious illegal seizure of funds (wages); (3) Plaintiff(s)' Fifth Amendment rights were violated by the taking and converting of personal property (wages) into the use of the BOP, without compensation and/or justification; (4) Plaintiff(s) suffered cruel and unusual punishment in violation of the Eighth Amendment by the

illegal seizure of personal property (wages); and (5) Plaintiff(s) assert that 42 U.S.C. § 1983 as applied to them violates the Equal Protection Clause of the Fourteenth Amendment. See id. at 3–9. Burghart seeks declaratory relief, injunctive relief, and monetary damages. See id. at 9–10.

The Prison Litigation Reform Act's ("PLRA") three-strikes provision allows the court to dismiss a prisoner's action if the prisoner has not paid his filing fees and "the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see Blakely v. Wards, 738 F.3d 607, 610–11 (4th Cir. 2013) (en banc); Tolbert v. Stevenson, 635 F.3d 646, 650–51 (4th Cir. 2011); Green v. Young, 454 F.3d 405, 407 (4th Cir. 2006). Burghart has used his three strikes. See Burghart v. United States, No. 5:16-CT-3332-FL (E.D.N.C. June 20, 2017) [D.E. 12] (collecting cases).

To avoid dismissal and proceed without prepayment of the filing fee, plaintiff must show that he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). This "exception [to the three-strikes rule] focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003); see Chase v. O'Malley, 466 F. App'x 185, 186 (4th Cir. 2012) (per curiam) (unpublished); Smith v. Wang, 370 F. App'x 377, 378 (4th Cir. 2010) (per curiam) (unpublished); Smith v. Mayes, 358 F. App'x 411, 411–12 (4th Cir. 2009) (per curiam) (unpublished); Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006) (per curiam) (unpublished). "Vague, speculative, or conclusory allegations are insufficient to invoke the exception." Johnson, 200 F. App'x at 272. Rather, the inmate must make "specific fact allegations

2

of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin, 319 F.3d at 1050.

Lost wages do not place Burghart in imminent danger of serious physical injury. Moreover, Burghart "cannot defeat the three-strikes provision of § 1915(g) by adding another Plaintiff to his Complaint." Banks v. Valaluka, No. 1:15 CV 1935, 2015 WL 7430077, at *3 (N.D. Ohio Nov. 18, 2015) (unpublished); see Johnson v. Lafavers, No. 7:18-cv-112-O, 2018 WL 8756431, at *1 (N.D. Tex. Dec. 27, 2018) (unpublished); cf. Turley v. Gaetz, 625 F.3d 1005, 1010 (7th Cir. 2010). Thus, Burghart has not made a colorable showing that this action should proceed under the exception to the three-strikes rule.

As for Burghart's motion to certify class action, Burghart is not a lawyer and cannot represent other inmates in a class action. See Myers v. Loudoun Cnty. Pub. Schs., 418 F.3d 395, 400 (4th Cir. 2005); Lescs v. Martinsburg Police Dep't, 138 F. App'x 562, 564 (4th Cir. 2005) (per curiam) (unpublished); Fowler v. Lee, 18 F. App'x 164, 165 (4th Cir. 2001) (per curiam) (unpublished); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam). Thus, the court denies the motion.

As for Burghart's motions for a temporary restraining order or preliminary injunction, Burghart has not plausibly alleged that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. See, e.g., Benisek v. Lamone, 138 S. Ct. 1942, 1943–45 (2018) (per curiam); Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 345–46 (4th Cir. 2009), vacated, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam). Thus, the court denies the motions.

3

As for Burghart's motion for recusal, Burghart seeks recusal of the undersigned "based in part by his action(s) in other litigations involving [Burghart] and current inaction(s)." [D.E. 12] 1. Burghart states that the undersigned has not taken any action in four months and alleges that the undersigned's "hesitancy to rule on any of the motions pending shows partiality toward the defendants, and bias against [Burghart] because of his status of a federal prisoner." Id. at 2. Burghart has failed to make the requisite showing for recusal. See, e.g., 28 U.S.C. § 455(a); Liteky v. United States, 510 U.S. 540, 555 (1994); Belue v. Leventhal, 640 F.3d 567, 572–73 (4th Cir. 2011); United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003); Shaw v. Martin, 733 F.2d 304, 308 (4th Cir. 1984). Thus, the court denies the motion.

As for Burghart's motion for entry of default, the motion is premature. An entry of default shall be made when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). A defendant is not required to answer until after the defendant has been served with the summons and complaint. See Fed. R. Civ. P. 12(a). Because defendants have not been served with the summons and complaint, no answer is due. Thus, the court denies the motion.

In sum, the court DENIES Burghart's application to proceed in forma pauperis [D.E. 2] and DISMISSES the complaint [D.E. 1] under 28 U.S.C. § 1915(g). The court DENIES Burghart's remaining motions [D.E. 3, 4, 5, 9, 12]. The clerk shall close the case.

SO ORDERED. This 27 day of October, 2022.

*Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge

4