**RECEIVED**
MAY 1 9 2023
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC

# United States District Court
### Eastern District of North Carolina
### Western Division

**Case No.  5:22-CT-3163-BO**

Bobby Burghart _____

_____

Inmate Number 28733-064

*(In the space above enter the full name(s) of the plaintiff(s).)*

## COMPLAINT

-against-

*(Pro Se* Prisoner)

United States of America, (USA) _____

Federal Bureau of Prisons, (BOP) _____

Federal Prison Industry, (FPI) _____

Paul Campbell, (Campbell) _____

Jury Demand?
☒ Yes
☐ No

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)*

---

## NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

---

Page 1 of 10

mr. Hall, (Hall)
Mr. Sharky, (Sharky)

1 b

Case 5:22-ct-03163-M   Document 34   Filed 05/19/23   Page 2 of 22

## I.    COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

☐    42 U.S.C. § 1983 (state, county, or municipal defendants)

☒    Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

☒    Action under Federal Tort Claims Act (United States is the proper defendant; must have presented claim in writing to the appropriate Federal agency and received a notice of final denial of the claim pursuant to 28 U.S.C. § 2401(b))

## II.    PLAINTIFF INFORMATION

Bobby Burghart
Name

28733-060
Prisoner ID #

FCI 2
Place of Detention

P.O. Box 1500
Institutional Address

Butner                              NC                    27509
City                                State                 Zip Code

## III.    PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☐    Pretrial detainee    ☐ State      Federal
☐    Civilly committed detainee
☐    Immigration detainee
☐    Convicted and sentenced state prisoner
☒    Convicted and sentenced federal prisoner

## IV. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1: United States of America    (USA)
Name

Sovereign Nation    C/o US Attorney General
Current Job Title

650 Pennsylvania Ave., NW
Current Work Address

Washington DR    DC    20530
City    State    Zip Code

Capacity in which being sued: ☒ Individual ☐ Official ☐ Both  Under FTCA

Defendant 2: Federal Bureau of Prisons    (BOP)
Name

Department of the US Justice Dept.
Current Job Title

320 1st St, NW
Current Work Address

Washington    DC    20534
City    State    Zip Code

Capacity in which being sued: ☒ Individual ☐ Official ☐ Both

**Defendant(s) Continued**

Defendant 3: Federal Prison Industry    (F P I)
_____
Name

governmental Corporation
_____
Current Job Title

400 1st St
_____
Current Work Address

Washington          D C          20534
City                State          Zip Code

Capacity in which being sued: ☒ Individual ☐ Official ☐ Both


Defendant 4: Paul Campbell    (Campbell)
_____
Name

Coo of Federal Prison Industry
_____
Current Job Title

400 1st St
_____
Current Work Address

Washington          D C          20534
City                State          Zip Code

Capacity in which being sued: ☒ Individual ☐ Official ☐ Both

Defendant 5: mr Hall,      Hall
          staff/administrator for FPI
          P.O. Box
          Butner, NC    27509


Defendant 6: mr Sharky    (Sharky)
          staff/administrato For FPI
          P.O. Box 1
          Butner, NC    27509

4b

## V.  STATEMENT OF CLAIM I

Place(s) of occurrence: FCI 2 Unicore textile Plant   Butner, NC

Date(s) of occurrence: Oct 1, 2021 to present

State which of your federal constitutional or federal statutory rights have been violated:

Denial of personal property (earned wages) without due process in Violation of the Fifth Amendment

*State here briefly the FACTS that support your case. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you.*

FACTS:

Plaintiff asserts that defendants FPI, BOP, Campbell, Hall and Sharky by their action(s) and/or inaction(s) violated Plaintiff's Fifth Amendment rights, specifically depriving Plaintiff of earned wages. The defendants Knew or should have known that their action(s) and/or inaction(s) violated US. laws and Plaintiffs rights

> Who did what to you?

Page 5 of 10

**What happened to you?**

Since Oct. 1, 2021, the defendant's, without congressional authority and in opposition of specifically worded Federal statutes and Regulations have converted part of Plaintiff's earned wages to BOP's use with no compensation to Plaintiff.

To facilitate said violation(s) defendants and/or BOP staff use coercion and/or extortion to Force Plaintiff into entering a non-valid business (financial) contract.

The U.S. Congress created specific procedures to assess and collect Cost of Incarceration (see Attachment 2), FPI, BOP, Hall, Campbell and Sharky transfer 49% of Plaintiff's gross wages to BOP. The reason for the deduction of Fund is to

Continued (6b)

**When did it happen to you?**

The defendants started illegally taking 49% of Plaintiff's Gross wages as of Oct 1, 2021, and have continued the above noted actions to the present.

**Where did it happen to you?**

The violation of Plaintiff's Fifth Amendment rights occurred while he was incarcerated at FCI 2 in Butner, NC

defray cost of programming. The US Congress enacted 28 CFR § 505.2, for the calculation of cost of incarceration, which includes programming costs. (28 @CFR § 0.96c).

Per federal Regulation 28 CFR § 505.4 (see Attachment 2), Unit Team staff are responsible for assessing. FPI is not authorized to assess, nor collect any funds for Programming and/or Cost of Incarceration.

BOP Policy P. 5380.06 sets out proper and legal procedures for assessing and collecting any cost of incarceration, which includes all programming cost.

Since FPI is a governmental corporation organized within BOP, it must abide and comply with all federal statutes and regulations.

Since defendants do not have congressional authority to assess and/or collect any funds (money/wages) to defray cost of programming (cost of Incarceration); and FPI cannot legally enter into any agreement/contract for money with inmates, they have intentionally, willfully, and maliciously taken personal property (wages) and illegally converted to BOP's use @ without compensation in violation of Plaintiff's Fifth Amendment rights.

| | |
|---|---|
| **What was your injury?** | Since Oct. 1, 2021, the defendants have illegally taken $11,771.36 from Plaintiff as of April 30, 2023, and converted it to BOP's use. |

Case 5:22-ct-03163-M    Document 34    Filed 05/19/23    Page 10 of 22

V. 1 Statement of Claim II

Place of Occurrence: FCI 2 Unicore Textile Plant in Butner, Nc

Date(s) of occurrence: Oct 1, 2021 to present

State which of your federal constitutional or Federal statutory rights have been violated:

Illegal seizures of money (wages) in violation of the Fourth Amendment

Facts:

[Who] Plaintiff asserts that defendants BoP, FPI, Campbell, Hall, and Sharky by their action(s) and/or inaction(s) violated Plaintiff's Fourth Amendment rights by the illegal seizures of money (wages). The defendants knew or should have known their action(s) violated US statutes and/or Federal regulation.

[What] Since Oct. 1, 2021, the defendants have and continues to illegally seize money (wages) from the Plaintiff. Each month the defendants illegally seize 49% of Plaintiff's gross wages.

The defendants intentionally, willfully and maliciously ignore the U.S. Congress's clear intent and specifically worded statute, specifically 18 USC § 1761 (See Attachment 1)

The defendants intentionally, willfully and maliciously take actions/authority not granted to them, by violating and/or ignoring Federal regulation(s), specifically 28 CFR §§ 0.96 and 505. et. seq. (See Attachment 2).

The defendants intentionally, willfully and maliciously abuse their authority by exercising authority and/or power(s) not granted to them to justify their illegal seizure of money (wages) from Plaintiff.

7b

Case 5:22-ct-03163-M    Document 34    Filed 05/19/23    Page 11 of 22

Plaintiff asserts that 18 USC §1761, does not grant FPI or any defendant the authority to seize 49% of Plaintiff's gross wages, therefore making their action(s) a violation of the Fourth Amendment.

The Prison Industry Enhancement Certification Program (PIECP) is a work project under the authority of the Director of the Bureau of Justice Assistance (BJA). The Director of BJA does not have the authority to overrule a specific worded federal statute. (18 USC § 1761(c)(2)(B)) (See Attachment 1)

Plaintiff asserts that if PIECP in BOP is one of the prison work projects, they are exempt from §1761(c)(2)(B). The U.S. Congress's intent is crystal clear, based upon the specific wording of §1761(c)(2)(B), which states," ... reasonable charges for room and board, as determined by regulations issued by the chief state Correctional Officer, in the case of a state prisoner."

The statute specifically specifies "... in the case of a state prisoner." The Plaintiff is not a state prisoner, therefore §1761(c)(2)(B) does not and cannot be applied to the Plaintiff.

The US Congress has created federal regulation to assess and collect moneys for programming, Room and Board, called Cost of Incarceration (See Attachment 2).

The Plaintiff asserts that the defendants have acted beyond their authority to illegally seize money (wages) in the amount of $11,771.36 as of April 30, 2023, this amount increases each month, when defendants again illegally seize money (wages) in violation of the Fourth Amendment.


[When] The defendants started illegally seizing money (wages) in Oct 1, 2023, and it continues each month to the present.


[Where] The violation occurred while Plaintiff was incarcerated at FCI 2 in Butner, NC.

7c

[What] Since Oct 1, 2021, the defendants have illegally seized $11,771.36 from Plaintiff as of April 30, 2023, and continues each month.

## V.2 Statement of Claim III

Place of occurrence: FCI 2 Unicore Textile Plant in Butner, NC

Dates of Occurrence: Oct 1, 2021, to present.

State which of your federal constitutional or federal statutory rights have been violated:
Plaintiff has suffered cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution.

Facts:

[Who] Plaintiff asserts that defendants BOP, FPI, Campbell, Hall, and Sharky by their action(s) and/or inactions have violated Plaintiff's Eighth Amendment rights to not suffer cruel and unusual punishment.

[What] Plaintiff was sentenced to 151 months of incarceration in BOP. The defendants by their action(s) and/or inaction(s), wherein they have illegally seized money (wages) and converted said seized money to BOP's use is not normal everyday life in prison. Defendants have taken money (wages) that Plaintiff would have placed in saving for his release.
Now without the seized money (wages), Plaintiff will be limited in his search for a place to live, money for schooling and/or starting his own business, so that he can support himself when released from prison. Now, Plaintiff will be homeless.

7 d

Without congressional authority, the defendants have ignored specifically worded Federal statutes and regulations in an attempt to justify their illegal seizure of money (wages) earned by the Plaintiff.

Defendants action(s) and/or inaction(s) have placed an extreme burden on the Plaintiff as he tries to prepare to reintegrate back into society. The willful, intentional and malicious action(s) of the defendants as described in this instant complaint is the epitome of cruel and unusual punishment. Defendants have deprived Plaintiff of $11,771.36 as of April 30, 2023, and this amount increases each month.

When Plaintiff was sentenced, he was not ordered to pay BOP 49% of gross wages nor was he ordered to pay Cost of Incarceration. The US Congress created Federal Regulation to assess and collect a Cost of Incarceration fee. Said regulation do not authorize FPI to collect any money for defray of Programming (Cost of Incarceration).

The defendants action(s) and/or inaction(s) should shock the conscious of the Court and Society.

To be deprived of the means to help Plaintiff reintegrate into society while in custody is cruel and unusual punishment in violation of the Eighth Amendment of the US Constitution.

[What] Suffered illegal seizure of $11,771.36

V.3 Statement of Claim IV

Place of Occurrence: FCI 2 Unicore Textile Plant in Butner, NC

Dates of Occurrence: Oct 1, 2021 to present


State which of your Federal constitutional or federal statutory rights have been violated:

Plaintiff challenges the constitutionality of 42 USC §1983, as applied to Plaintiff and/or Federal actors, in the context of Equal Protection provision of the Fifth Amendment.

7e

Facts:

[Who] Plaintiff asserts that being deprived of civil rights statutes (§1983) deprives Plaintiff the same civil rights as state prisoners.

As a result of Plaintiff being deprived of bringing a §1983 lawsuit against Federal actors, he is limited in actions he can bring, and it grants Federal actors almost absolute immunity for actions which would violate constitutional rights, if the Plaintiff was a state prisoner.

[What] The Judiciary treat civil litigation differently between State and Federal prisoners. A state prisoner can bring action under §1983, for violations of prisoners civil rights, whereas a Federal prisoner cannot do so.

In Title 42 USC §1983 states in part, acting under color of state law. This specifically worded statutes blocks Federal prisoners from bringing civil action for federal actors that violate Plaintiff's constitutional rights. The US Congress did not create any statute for federal prisoners to seek vindication of their rights, and thereby granting almost absolute immunity to Federal actors.

Federal prisoners not having the same rights and ability to bring civil action against Federal actors is a violation of Equal Protection of the Fifth and Fourteenth Amendment.

A federal prisoner can only bring civil litigation, not statute, but a Court ruling Bivens. At present the US Supreme Court has only recognize three context for lawsuits against Federal actors: 1) Bivens - Fourth Amendment context of seach and seizure; 2) Carlson - Eighth Amendment context of deliberate indifference to a serious medical condition; and 3) Davis - Fifth Amendment context of discrimination.

Of the three context available under Bivens, prisoners can only bring action for deliberate indifference to a serious medical need. To Plaintiff's Knowledge

7f

no other context has been allowed, thereby creating an unequal protection issue as a result of state and Federal prisoners being treated differently in federal courts.

[When] The unequal protection issue started when Plaintiff entered federal custody (BOP) on or about July 8, 2014; and specific to the named defendants as of Oct 1, 2021, and continues to present

[Where] The violation occurred while Plaintiff was in federal custody, and at FCI 2 in Butner, NC.

[What] Plaintiff has suffered unequal protection violations

V.4 Statement of Claim V

Place of Occurrence: FCI 2 Unicore Textile Plant in Butner, NC
Dates of Occurrence: Oct 1, 2021, to present

State which of your federal constitutional or federal statutory rights have been violated:
Plaintiff asserts that defendants BOP, FPI, Campbell, Hall, and Shorky have with willful, intentional, and malicious aforethought ignored statutory rights of the Plaintiff.

Facts:
[Who] Plaintiff asserts that defendants BOP, FPI, Campbell, Hall, and shorky have refused to comply with federal statute, 18 USC §1761 (see Attachment 1) Statute §1761(c)(2), states, "have, in connection with such work, received wages at a rate which is not less than that paid for work of a similar nature in the

79

locality in which the work was performed,..." (See Attachment 1)

Since the PIECP was started at the FCI Textile Plant in Butner, NC, the hourly wage rate has not changed, since approximately 2015.

FPI has paid sewing machine operators in PIECP $8.61 per hour, but the US Bureau of Labor Statistics website (See Attachment 4) shows that for North Carolina, a sewing machine operator (51-6031) earns a hourly mean wage of $14.95 (See Attachment 4.2).

Plaintiff asserts that as a result of defendents intentional, willful, and malicious action(s) and/or inaction(s) of intentionally ignoring Federal statute 18 USC § 1761 (c)(2), Plaintiff was deprived of wages earned ($8114.10) (See Attachment 6)

[What] Plaintiff asserts that defendents BOP, FPI, Campbell, Hall, and Sharky have intentionally, willful, and malicious ignored Federal statute (18 USC § 1761) in order deprive Plaintiff of rightfully earned wages.

The mean hourly rate for a sewing machine operator (51-6031) in North Carolina is $14.95, yet defendents only paid Plaintiff at the rate of $8.61.

This means defendents have intentionally, willfully and maliciously deprived Plaintiff $8114.10 in wages from Oct 1, 2021, to Apr 30, 2023. Each month this amount owed will increase.

[When] Defendents have been depriving Plaintiff his correct hourly rate since Oct 1, 2021, and has continued to the present

[Where] The violation(s) occurred while Plaintiff was incarcerated at the FCI 2 prison, in Butner, NC.

7h

[What] Plaintiff asserts that as a result of defendants intentionally, willful, and malicious action(s) and/or inaction(s) ingoring Federal statute suffered economic harm in the amount of $8114.10, as of April 30, 2023 and this amount will continue to increase each month.

V.5  Statement of Claim  VI

Place of Occurrence: FCI2 Unicore Textile Plant in Butner, NC

Dates of Occurrence: July 1, 2021 to Sept 30, 2021

State which of your federal constitutional or federal statutory rights have been violated: This claim is brought pursuant under the Federal Tort Claim Act (FTCA) against The United States of America (USA) for the governmental torts, mass torts, negligence tort, prima facie tort, and also constitutional tort for the action(s) and/or inaction(s) of other-named defendants.

Facts:

[Who] Plaintiff asserts that defendant USA is liable for the tort actions of defendents BOP, FPI, campbell, Hall, and sharky, specifically their intentional, willful and malicious action(s) and/or inaction(s) the resulted in the embellzement of money (inmate wages) from the Plaintiff.

[What] On July 1, 2021, FPI, campbell, Hall, and sharky sterded inmates in Group Rate payroll for piece rate. On July 1, 2021, defendents reduced Plaintiff from his pay status of Pay Grade 1 to Pay Grade 4, without justification. The defendents refused to comply with BOP policies for calculating inmate pay. BOP policy PB120.03 (Work Programs for Inmates - FPI) in chapter 5 (Inmate Pay and Benefits) states in part, "Additional detailed instructions for

7i

computing and executing payroll and benefit obligations may be found in the inmate payroll section of the Program Statement - Accounting Procedures for civilian and Inmate Payrolls - FPI" (See Attachment 7)

According to BOP policy PB570.01 (See Attachment 7) Plaintiff should have retained his Pay Grade I status and paid accordingly to PB570.01.

Instead defendants intentionally, willfully and maliciously demoted Plaintiff without cause, and then refused to comply with specifically worded policies to cheat and/or embellze money (wages) from Plaintiff.

[When] Plaintiff asserts that the above claim occurred from July 1, 2021, to Sept. 30, 2021.

[Where] The tort action occurred while Plaintiff while incarceration at FCI 2 in Butner, NC.

7j

## VI.    ADMINISTRATIVE PROCEDURES

*WARNING: Prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

Have you filed a grievance concerning the facts relating to this complaint?     ☒ Yes     ☐ No
If no, explain why not:

Is the grievance process completed? Have completed what     ☐ Yes     ☐ No
If no, explain why not:        remedies available

See Attachment 5

Plaintiff hereby asserts that the foregoing is true and correct to the best of his knowledge, executed
## VII.    RELIEF    this 13th day of may, 2023, pursuant to 28 USC § 1746

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

Plaintiff seeks Declarary judgment against defendants

Plaintiff sues the defendants both jointly and severly for monetary damages shown below

A) actual damages in the amount of $20,439.55, as of April 30, 2023

B) Compensary damages in the amount of $61,318.65, as of April 30, 2023

C) Punitive damages in the amount of $102,197.75, as of April 30, 2023

D) Pre and Post judgment Intrests

E) Reasonable attorney fees, if appropriate

F) Any future damages beyond may 1, 2023

Plaintiff also seeks prelimiary and permnent Injunction.

## VIII. PRISONER'S LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).*

Have you brought any other lawsuits in state or federal court while a prisoner?   ☒ Yes   ☐ No

If yes, how many?  <u>Since 1997,</u>

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

I believe I have filed five (5) actions in the Western & Eastern District Court of Texas, 1 appeal before the Fifth Circuit.

In North Carolina, I have filed, I believe two other actions before this Court, 1 appeal to the Fourth Circuit and 1 appeal to the US Supreme Court.
I do not have the parties or case # available to me at this time.

For each instant that I have Filed a civil action, even in forma Pauperis status, I have paid the full filing fee prior to any decision on the case.

## IX. PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

*Each Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

May 13, 2023
Dated

Plaintiff's Signature

Bobby Burghart
Printed Name

28733-064
Prison Identification #

P.O. Box 1500        Butner        NC        27509
Prison Address        City        State        Zip Code