IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-3163-M

| | |
|---|---|
| BOBBY BURGHART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's motion to dismiss, or in the alternative, for summary judgment [D.E. 69], and on plaintiff's motion for judicial notice and ruling on the pending motions [D.E. 77]. As explained below, the court grants defendant's motion and denies as moot plaintiff's motion.

## STATEMENT OF THE CASE

On May 13, 2022, Bobby Burghart ("Burghart" or "plaintiff"), a federal inmate proceeding pro se, filed this action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–80 [D.E. 1].[1] On May 19, 2023, Burghart moved for leave to file an amended complaint [D.E. 33] and filed an amended complaint [D.E. 34]. On March 6, 2024, the court granted Burghart's motion for leave to file an amended complaint, conducted an initial review of the amended complaint, allowed Burghart to proceed with his FTCA claims against the United States, and dismissed all other claims and defendants [D.E. 42].

---

[1] This matter originally proceeded before United States District Judge Terrence W. Boyle and was reassigned to the undersigned Chief United States District Judge on August 20, 2025. See [D.E. 80] 1.

On June 24, 2024, the United States filed a motion to dismiss, or in the alternative, for summary judgment [D.E. 53]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Burghart about the motion, the consequences of failing to respond, and the response deadline [D.E. 57]. On November 21, 2024, the court dismissed the action without prejudice for failure to prosecute [D.E. 64]. On December 19, 2024, the court granted Burghart's motion to reopen the case and directed the United States to refile its dispositive motion [D.E. 68].

On January 8, 2025, the United States refiled its motion to dismiss, or in the alternative, for summary judgment [D.E. 69]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Burghart about the motion, the consequences of failing to respond, and the response deadline [D.E. 73, 75]. On March 3, 2025, Burghart filed a motion for judicial notice and ruling on the pending motions [D.E. 77]. On August 4, 2025, Burghart responded to the United States's motion [D.E. 79].

## STATEMENT OF THE FACTS

The allegations of Burghart's complaint arose during his incarceration at the Federal Correctional Institution Butner Medium II in Butner, North Carolina ("FCI Butner Medium II"). See Am. Compl. [D.E. 34] 7. The remaining two FTCA tort claims against the United States concern Burghart's hourly rate and reduced pay grade at the UNICOR textile plant in Butner.[2] See id. at 16–19; see also [D.E. 42] 2–6; [D.E. 79] 2. Claim five "asserts that defendants BOP, FPI, Campbell, Hall, and Sharky have with willful, intentional, and malicious aforethought ignored statutory rights of the plaintiff." [D.E. 34] 16. Specifically, Burghart alleges defendants failed to

---

[2] "UNICOR is the trade name for Federal Prison Industries (FPI): a wholly owned, self-sustaining Government corporation that sells market-priced services and quality goods made by inmates." https://www.bop.gov/inmates/custody_and_care/unicor.jsp (last visited Sept. 26, 2025).

2

comply with 18 U.S.C. § 1761(c)(2), and deprived him of $8,114.10 in wages because sewing machine operators in North Carolina receive $14.95 per hour, but he was only paid $8.61 per hour. See id. at 16–18.

Claim six "is brought pursuant under the Federal Tort Claim Act (FTCA) against the United States of America (USA) for the governmental torts, mass torts, negligence tort, prima facie tort, and also constitutional tort for the action(s) and/or inaction(s) of other named defendants." Id. at 18. Burghart alleges the United States "is liable for the tort actions of defendants BOP, FPI, Campbell, Hall, and Sharky, specifically their intentional, willful and malicious action(s) and/or inaction(s) th[at] resulted in the embe[zzle]ment of money (inmate wages) from the plaintiff." Id. Specifically, Burghart alleges his pay status was reduced from Grade 1 to Grade 4 without justification and in violation of BOP policies P8120.03 and P8570.01. See id. at 18–19. Burghart seeks monetary damages. See id. at 20.

## DISCUSSION

The United States argues that Burghart's FTCA claims should be dismissed for failure to state a claim. See [D.E. 70] 12–15. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554– 63 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302; accord Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the

3

[nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 576 U.S. 155 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's factual allegations must "nudge[ ] [his] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court may also consider a document submitted by a moving party if it is "integral to the complaint and there is no dispute about the document's authenticity" without converting the motion into one for summary judgment. Goines, 822 F.3d at 166. Additionally, a court may take judicial notice of public records. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

The FTCA provides for a limited waiver of the United States's sovereign immunity for certain torts committed by federal employees. See Kerns v. United States, 585 F.3d 187, 194 (4th Cir. 2009); see also FDIC v. Meyer, 510 U.S. 471, 475 (1994). The FTCA provides that the United States is liable for negligent acts of federal employees only to the extent that "a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Therefore, a plaintiff "has an FTCA cause of action against

4

the government only if she would also have a cause of action under state law against a private person in like circumstances." Miller v. United States, 932 F.2d 301, 303 (4th Cir. 1991).

Burghart's alleged injury occurred in North Carolina, and thus North Carolina tort law governs Burghart's claims. See 28 U.S.C. § 1346(b)(1); Miller, 932 F.2d at 303. Under North Carolina law, a negligence claim requires proof of "(1) a legal duty; (2) a breach thereof; and (3) injury proximately caused by the breach." Bridges v. Parrish, 366 N.C. 539, 541 (2013); Camalier v. Jeffries, 340 N.C. 699, 706 (1995). As relevant here, "a prison official is liable [for negligence] when he knows of, or in the exercise of reasonable care should anticipate, danger to the prisoner, and with such knowledge or anticipation fails to take the proper precautions to safeguard his prisoners." State ex. rel. Williams v. Adams, 288 N.C. 501, 504 (1975); see also Taylor v. North Carolina Dep't of Correction, 88 N.C. App. 446, 448 (1988) ("[D]efendant [prison officials] had a duty of reasonable care to protect the plaintiff from reasonably foreseeable harm.").

Burghart brings claim five pursuant to 18 U.S.C. § 1761, which "criminalizes the transport of prison-made goods in interstate commerce [where] prison labor threatens fair competition." Harker v. State Use Industries, 990 F.2d 131, 134 (4th Cir. 1993). Section 1761 "has no private right of action, and therefore, [Burghart] may not rely on it in this civil suit." Id.; see also Jordan v. Dept. of Corr., No. 3:23-cv-855 (VAB), 2023 WL 6541585, at *12 (D. Conn. Oct. 6, 2023) (unpublished); Jones v. Tennessee, No. 3:21-CV-123-KAC-DCP, 2022 WL 4351942, at *6 (E.D. Tenn. Sept. 19, 2022) (unpublished); amended on reconsideration, 2023 WL 3766809 (E.D. Tenn. June 1, 2023) (unpublished); Jackson v. Dayton, No. 17-cv-880 (WMW/TNL), 2018 WL 4473403, at *16 (D. Minn. Apr. 2, 2018) (unpublished), report and recommendation adopted, 2018 WL 3696600 (D. Minn. Aug. 3, 2018) (unpublished); Shaffer v. Direct Medica, Inc., No. CIV–10–774–D, 2012 WL 681718, at *4 (W.D. Okla. Feb. 2, 2012) (unpublished), report and

5

recommendation adopted, 2012 WL 676388 (W.D. Okla. Feb. 28, 2012) (unpublished). Moreover, Burghart's "dissatisfaction with his wages at [the FCI Butner Medium II UNICOR textile plant] simply does not constitute a breach of the duty to protect him from harm [because Burghart] is not entitled to the federal minimum wage provided to civilian non-prisoner employees." Banks v. Roberts, No. 1:06–CV–01232, 2007 WL 1574771, at *9 (M.D. Pa. May 31, 2007) (unpublished), aff'd, 251 F. App'x 774 (3d Cir. 2007) (per curiam). Thus, the court dismisses claim five for failure to state a claim.

As for claim six, Burghart "has identified no [North] Carolina or federal law which creates an action in tort for a violation of agency regulations or policies." Huff v. United States, No. 9:09–0520–RBH–BM, 2011 WL 862026, at *7 (D.S.C. Feb. 3, 2011) (unpublished), report and recommendation adopted, 2011 WL 862031 (D.S.C. Mar. 10, 2011) (unpublished); see also Hendley v. Weaver, No. 2:20-CV-00044-BSM-JTR, 2021 WL 852169, at *3 (E.D. Ark. Jan. 19, 2021) (unpublished) ("Although Hendley invokes the FTCA, he fails to identify any underlying state law *tort* that allegedly caused him to suffer an injury."), report and recommendation adopted, 2021 WL 851900 (E.D. Ark. Mar. 5, 2021) (unpublished). Nevertheless, Burghart has "no right to a prison job at all, and the existence of rules for maintenance of these jobs does not establish any right actionable in tort[.]" Huff, 2011 WL 862026, at *7; see also Johnson v. Rowley, 569 F.3d 40, 44 (2d Cir. 2009) ("[A] federal prisoner has no protected property interest in a UNICOR job assignment."); James v. Quinlan, 866 F.2d 627, 630 (3rd Cir. 1989) ("[P]laintiffs have no liberty interest in their Federal Prison Industries job assignments arising from federal statute."); Nash v. Marcias, No. 5:07-0094, 2009 WL 6319177, at *4 (S.D. W.Va. Nov. 25, 2009) (unpublished), report and recommendation adopted, 2010 WL 1286668 (S.D. W.Va. Mar. 29, 2010) (unpublished).

"Further, as the Constitution and federal law do not create a property right for inmates in a job, they likewise do not create a property right to wages for work performed by inmates." Ali v. Morgan, No. 09–CV–39–KKC, 2009 WL 872896, at *3 (E.D. Ky. Mar. 27, 2009) (unpublished); see also Woodworth v. United States, 44 F. App'x 112, 2002 WL 1763730, at *1 (9th Cir. 2002) ("The district court properly dismissed Woodworth's claims concerning removal from his UNICOR job and transfer to a lower-paying position because he has neither a liberty nor a property interest in his prison job."); Hrbek v. Farrier, 787 F.2d 414, 417 (8th Cir. 1986). Thus, Burghart fails to establish tortious liability concerning his UNICOR pay grade. See, e.g., Huff, 2011 WL 862026, at *7; Banks, 2007 WL 1574771, at *9. Accordingly, the court grants defendant's motion and dismisses Burghart's FTCA claims for failure to state a claim.[3]

## CONCLUSION

In sum, the court GRANTS defendant's motion to dismiss, or in the alternative, for summary judgment [D.E. 69], DENIES AS MOOT plaintiff's motion for judicial notice and ruling on the pending motions [D.E. 77], and DISMISSES plaintiff's FTCA claims for failure to state a claim. The court DIRECTS the clerk to close the case.

SO ORDERED this 26th day of September, 2025.

/Richard E Myers II

RICHARD E. MYERS II
Chief United States District Judge

---

[3] In light of the court's dismissal of Burghart's FTCA claims for failure to state a claim, the court declines to address defendant's argument that Burghart failed to exhaust his administrative remedies.

7